

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY  10007

**Ben Kuruvilla**
*Special Federal Litigation*
(212) 356-3513
(212) 788-9776 (fax)
bkuruvil@law.nyc.gov

February 11, 2016

**Via ECF**
Hon. Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Ciro Timmons v. The City of New York, et al.,
16-cv-110 (NGG)(RLM)

Dear Judge Mann:

I am a senior counsel in the New York City Law Department, assigned to the defense of the City of New York in the above referenced matter.  I am writing to respectfully request an extension of time to answer or otherwise respond to the complaint on behalf of the City from February 12, 2016 until April 12, 2016.  Plaintiff's counsel consents to this request.  This is the first request for an extension of time to respond to the complaint.

There are several reasons for seeking an enlargement of time in this matter.  First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint.  In order to investigate the allegations in the complaint and meaningfully respond thereto, we must review the relevant documents.  Further, the documents relevant to the defense of civil rights actions that the City must obtain are often, as in this case, protected from disclosure by state statutes.  Here, plaintiff alleges, *inter alia*, that on August 11, 2015, plaintiff was falsely arrested by members of the New York City Police Department.  Plaintiff alleges the charges were ultimately dismissed.  Upon information and belief, the criminal records relating to this arrest have been sealed pursuant to N.Y. Criminal Procedure Law § 160.50.  Accordingly, plaintiff's counsel has provided an authorization for the release of these sealed records.  Defendants are in the process of using the provided release to request these records.  The releases is necessary to obtain the police, district attorney and criminal court records relating to this incident.

Furthermore, based on a review of the docket, it appears that the individually named defendants, Eric Moy, Mark Sinatra, UC #103 and UC # 300 have been served with the

Honorable Judge Roanne L. Mann
Ciro Timmons v. The City of New York, et al.
February 11, 2016
Page 2

summons and complaint in this action, but they have not requested representation from this office. Without appearing or making any representations on their behalf, as to the adequacy of service of otherwise, it is respectfully requested that the Court, *sua sponte*, afford these defendants the same extension as well so that their rights are not jeopardized while representations issues are being decided. This enlargement may then allow time for this office to determine, pursuant to N.Y. General Municipal Law § 50-k and based on a review of the facts of the case, whether we may represent these officers as well. *See Mercurio v. The City of New York, et al.,* 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.,* 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

Accordingly, the City respectfully requests that its time to respond to the complaint be enlarged from February 12, 2016 until April 12, 2016.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

*/s/ Ben Kuruvilla*

Ben Kuruvilla


cc:     Gabriel Harvis, Esq. (ECF)
        *Attorneys for Plaintiff*