UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

CIRO TIMMONS,

                            Plaintiff,

                  -against-

Police Officer ERIC MOY, Shield No. 4042; Sergeant MARK SINATRA, Shield No. 4720; UC # C0300; UC # C0108; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

16 CV 110 (NGG) (RLM)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of the Administrative Code of the City of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York City claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Ciro Timmons ("plaintiff" or "Mr. Timmons") is a resident of Queens County in the State of New York. Mr. Timmons is African-American and thus a member of a protected class within the meaning of the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York.

8. Defendant Police Officer Eric Moy, Shield No. 4042 ("Moy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Moy is sued in his individual and official capacities.

9. Defendant Sergeant Mark Sinatra, Shield No. 4720 ("Sinatra"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sinatra is sued in his individual and official capacities.

10. Defendant UC # C0300 ("UC # C0300"), at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name of defendant UC # C0300. Defendant UC # C0300 is sued in his individual and official capacities.

11. Defendant UC # C0108 ("UC # C0108"), at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name of defendant UC # C0108. Defendant UC # C0108 is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately 6:45 p.m. on August 11, 2015, Mr. Timmons was lawfully present in the vicinity of Jamaica Avenue and 165th Street in Queens, New York.

16. Mr. Timmons was walking down the street, minding his own business, when he was approached by two of the defendant officers, believed to be defendants Moy and John Doe 1, wearing plainclothes and working as part of a "buy and bust" team.

17. At the time they stopped Mr. Timmons, Moy and John Doe 1 lacked reasonable suspicion to believe that Mr. Timmons had committed any crime or offense.

18. Nevertheless, Moy and John Doe 1 immediately began searching inside Mr. Timmons' pockets.

19. The other members of the "buy and bust" team, including defendants Sinatra, UC # C0300, UC # C0108, John Doe 2, John Doe 3 and John Doe 4, were

in a position to observe Mr. Timmons prior to and at the time of the stop, knew that reasonable suspicion to stop Mr. Timmons was lacking, but took no action, despite their affirmative obligation to intervene in the violation of Mr. Timmons' rights by Moy and John Doe 1.

20. Mr. Timmons had nothing illegal on him.

21. A short time later, a supervisor, believed to be defendant Sinatra, arrived and said, in sum and substance, "take him too."

22. Mr. Timmons was then falsely arrested in the absence of arguable probable cause.

23. The other members of the "buy and bust" team, including defendants UC # C0300, UC # C0108, John Doe 2, John Doe 3 and John Doe 4, were in a position to observe Mr. Timmons prior to and at the time of the arrest, knew that probable cause to arrest Mr. Timmons was lacking, but took no action, despite their affirmative obligation to intervene in the violation of Mr. Timmons' rights by Moy, John Doe 1 and Sinatra.

24. Defendants handcuffed Mr. Timmons and took him to a waiting police van.

25. For approximately two hours, defendants drove Mr. Timmons around as they made additional arrests.

26. The officers then took Mr. Timmons to the 103rd Precinct.

27. In support of the arrest and in an effort to cause prosecutors to file false charges against Mr. Timmons, defendants Moy, Sinatra, UC # C0300 and UC # C0108 prepared a variety of false paperwork and forwarded the documents to employees of the Queens County District Attorney's Office.

28. For example, under the supervision of defendant Sinatra, defendants UC # C0300 and UC # C0108 prepared "OCCB Buy and Bust Reports" falsely claiming that Mr. Timmons was observed participating in a drug transaction prior to his arrest.

29. Defendants Moy and Sinatra prepared a field test report purporting to document a positive test result for marijuana allegedly recovered from the drug sale in which Mr. Timmons was allegedly involved.

30. Under the supervision of defendant Sinatra, defendant Moy prepared a false arrest report.

31. In support of the false charges levied against Mr. Timmons, defendant Moy swore out a criminal complaint under penalty of perjury containing material allegations Moy knew to be false.

32. At no point did the officers observe plaintiff commit any crime or offense.

33. Plaintiff was taken to Queens Central Booking, where he was arraigned

on fabricated drug sale charges based on the foregoing documents prepared by the defendants and forwarded to prosecutors, along with inculpatory allegations made to prosecutors regarding Mr. Timmons by defendant Moy.

34.  Bail was imposed and Mr. Timmons was sent to Rikers Island for approximately seven days.

35.  Mr. Timmons was compelled to return to court under the threat of the issuance of an arrest warrant and of arrest.

36.  On or about November 11, 2015, all charges were favorably disposed when they were dismissed pursuant to N.Y.C.P.L. § 30.30.

37.  Mr. Timmons suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

38.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.  Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

47. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial of Constitutional Right to Fair Trial

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The individual defendants created false evidence against plaintiff.

50. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

51. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Bias-Based Profiling

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. In initiating law enforcement action against Mr. Timmons based on his actual and/or perceived race and/or color rather than Mr. Timmons's behavior or other information linking him to suspected unlawful activity, the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

55. Accordingly, plaintiff is entitled to declaratory relief, along with reasonable attorney's fees and costs.

### SIXTH CLAIM
### Failure to Intervene

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity

prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against all defendants, jointly and severally;

(c) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(d) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(e) Such other and further relief as this Court deems just and proper.

Dated: July 19, 2016
New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*